IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW E. COTNER, AIS# 320413 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 25-00301-KD-N |
| ) | |
| COMMISSIONER J. HAMM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER TO AMEND COMPLAINT

Plaintiff Matthew E. Cotner, an Alabama prison inmate, proceeding without the assistance of counsel (*pro se*), filed a complaint against officials and employees of the Alabama Department of Corrections (ADOC) and Fountain Correctional Facility broadly alleging violations of his rights under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act (ADA), and the Rehabilitation Act of 1973 related to exposure to "toxic conditions" at Fountain Correctional Facility ("Fountain" or "the prison") from November 2024 to present.[1] Because Plaintiff has filed a civil action complaint against a governmental entity and is proceeding in this action without prepayment of fees, the Court must review the complaint and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint - - (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* § 1915(e)(2)(B). Plaintiff's complaint has been referred to the undersigned for review pursuant to

---

[1]  Plaintiff has named as Defendants, Alabama Department of Corrections Commissioner John Hamm, Alabama ADA Coordinator Deidre Prevo, ADA Coordinator D. Riley, Warden B. Mackenzie, Warden K. Peters, Captain T. Tolliver, Captain I. Fountain, Lieutenant J. Smith, Sergeant C. Williams, Officer R. Blackmon, Officer Ms. Farris, Officer Ms. Brown, Department Grievance Officer T. Tyler, Ombudsman of YesCare Health Services O. Locke, Nurse Practitioner C. Johnson, Psychiatrist M. Berger, Mental Health Director C. Murphy.

1

28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(b). Review of the complaint reveals multiple deficiencies. Because some of these deficiencies may be curable, in lieu of dismissal, Plaintiff will be allowed to amend the complaint. If Plaintiff is unable to cure the noted deficiencies, the complaint (or a portion of the complaint) will be subject to dismissal for the reasons explained below.

## I.     Summary of Complaint Allegations.

In his complaint, Plaintiff broadly claims that his requests for ADA accommodations, including "pure, uncontaminated water, an EMF Faraday Protection Blanket, and a Toxic Exposure Screening," have been ignored or denied by Defendants in violation of federal law and that he is being denied "vital medical care for his Toxic Exposure condition and the irritants harmful to his ADA disability." (Doc. 1 at 5-6). He asserts the conclusory allegation that he has sustained "significant physical and emotional harm, particularly in relation to his military service-connected toxic exposure condition" and seeks relief for "ongoing and sustained exposure to harmful toxic substances" (*id*. at 4), including that the Court order "modification of housing and environmental conditions including air purification systems and pure water; conduct a Toxic Exposure Screening as offered by the VA; Any other relief the court deems just and proper" (*id*. at 7), as well as punitive damages for Defendants' deliberate indifference and compensatory damages for the physical and emotional harm suffered. (*Id*. at 13).

## II.    Federal Pleading Standard.

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550

U.S. 544, 570 (2007)). This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim. *Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Vague and conclusory allegations are subject to dismissal because they do not provide facts. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation omitted). Although no technical pleading form is required, each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Also, there is no "vicarious liability, including *respondeat superior*, in § 1983 actions." *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007). This means a defendant "may not be sued under Section 1983 for the acts of others but, rather, only for its own acts." *Hamilton v. City of Jackson*, 508 F. Supp. 2d 1045, 1056 (S.D. Ala. 2007), aff'd, 261 F. App'x 182 (11th Cir. 2008). Accordingly, a plaintiff asserting a claim under 42 U.S.C. § 1983 must show a causal connection between each defendant's actions, orders, customs, or policies and the alleged violation of the plaintiff's rights. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982).

**III.   Discussion.**

In Count 1, Plaintiff asserts causes of action under 42 U.S.C. § 1983 challenging the conditions of his confinement, specifically exposure to toxic gases and chemical contamination which exacerbate his "condition related to military service-connected toxic exposure," and the

Defendants' deliberate indifference to his serious medical needs related to the exposure. (Doc. 1 at 4-5, 8-9). Plaintiff, however, fails to provide the sufficient factual allegations for the Court to determine the plausibility of this claim or to give fair notice to each defendant of the claim asserted against him/her.

To state a constitutional claim for the conditions of his confinement, Plaintiff must show that he faced a substantial risk of serious harm, be it to his safety or health. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The "risk of harm" must be extreme. *Id*. ("[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotation marks and citation omitted). Plaintiff must provide facts that show the named defendant "wantonly permitted the constitutionally infirm condition to persist" while knowingly or recklessly disregard[ing] [his] basic needs." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). Plaintiff must also connect the actions taken by the named defendant to the alleged constitutional deprivation. *Id.* at 1583. All three of these elements must be established to prevail on a claim based on the conditions of confinement or denial of medical care. *Id*. Currently, Plaintiff's allegations are insufficient on all three prongs – (1) Plaintiff has not identified or explained his military toxic exposure condition/diagnosis, nor the duration of his exposure to unsafe conditions at Fountain, or his medical needs/injury, such that a fact finder could determine the seriousness of the risk posed to Plaintiff; (2) it is unclear from the complaint when Plaintiff notified each defendant of the conditions of his confinement or a medical need; it is unclear what Plaintiff told each defendant or how each defendant knew of a harm or risk posed to Plaintiff; it is unclear how each defendant responded, or how each defendant's action or inaction caused Plaintiff harm; and (3) Plaintiff has not described the specific harm or injury suffered, when it started, or how it affects him.

4

Count 2 raises Equal Protection and Due Process violations under the Fourteenth Amendment due to Defendants' failure to provide adequate medical accommodations for Plaintiff's military service-connected disability. To bring an Equal Protection claim, Plaintiff must show that he is part of a suspect class – namely, race, color, religion, national origin – and that he was treated differently than those not in that class. Plaintiff has made no such allegations. Nor has he asserted any facts related to due process violations.

Counts 3 and 4 allege Plaintiff has been discriminated against based on his disability by being denied access (without reasonable explanation) to accommodations such as pure water, protection from harmful electrical radiation, and necessary medical screenings in violation of Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act, respectively, resulting in severe harm. However, because Plaintiff has not identified his "toxic exposure condition," nor alleged a record of such impairment, or described how his condition substantially limits "major life activities," he has failed to make a *prima facie* showing of having a "disability" under the ADA or § 504. *See* 42 U.S.C. § 12102; *see also Karantsalis v. City of Miami Springs, Fla.*, 17 F.4th 1316, 1321-22 (11th Cir. 2021) ("Claims for discrimination under the Rehabilitation Act are governed by the same standards as the ADA." (citation and quotation marks omitted). "To state an ADA claim under either Title II of the ADA or § 504, a plaintiff must establish three elements: '(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, activities, or otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.'" *Karantsalis*, 17 F.4th at 1322 (quoting *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019) (quotation marks omitted)).

Accordingly, Plaintiff should file an amended complaint that provides sufficient factual allegations to state a plausible claim upon which relief may be granted. Otherwise, his complaint (or portions of the complaint) will be recommended for dismissal under 28 U.S.C. § 1915. In amending the complaint, Plaintiff should:

1. List each defendant in separately, numbered paragraphs and describe fully the specific claim being asserted against the particular defendant in that paragraph.
2. Provide facts that describe what *each* of the defendants did or did not do that gave rise to each claim. Plaintiff should set forth times and dates where possible.
3. Describe all injuries and damages caused by the defendants.
4. Clearly state the relief requested from this Court. For example, whether he wants to be compensated in money and/or whether he wants an order from the Court ordering a party to take a particular action or to refrain from a particular action.
5. Use separate sheets of paper, as necessary and write as clearly as possible, stating the facts in clear sentences.

Additionally, Plaintiff is advised:

1. Since he was transferred from Fountain to Ventress Correctional Facility, his requests for injunctive relief are likely moot. *See Owens v. Centurion Medical*, 778 F. App'x 754, 758 (2019) ("[A] prisoner's transfer or release from a correctional facility generally will moot his claims for injunctive relief in a § 1983 action.").
2. To the extent Plaintiff seeks relief from ADOC officials and employees under § 1983 in their official capacities, he is barred from obtaining monetary damages. *Melton v. Abston*, 841 F.3d 1207, 1234 (11th Cir. 2016) (per curiam).
3. "Only public entities are liable for violations of Title II of the ADA[,]" *Edison v. Douberly*, 604 F.3d 1307, 1308 (11th Cir. 2010) (citing 42 U.S.C. § 12131; *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998)). Thus, YesCare Health Services, a private entity, may not be sued under the ADA, despite contracting with a government entity to provide services or government functions. *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) (holding that a private prison management corporation operating a Florida state prison was not a "public entity" for purposes of Title II of the ADA). And the great weight of authority indicates "there

is no individual capacity liability under Title II of the ADA or [the] R[ehabilitation] A[ct]." *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (per curiam) (unpublished) (citing *Garcia v. SUNY Health Scis. Ctr. Of Brooklyn*, 280 F.3d 98, 107 (2nd Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials.") (collecting cases) ) and all other defendants may only by sued in their official capacities. . and "[t]he Rehabilitation Act prohibits recipients of federal financial assistance from discriminating against individuals with disabilities." *Garrett v. Univ. of Ala. at Birmingham Bd. of Trustees*, 507 F.3d 1306, 1310 (11th Cir. 2007). Accordingly, the ADA claims of Count 4 may only possibly be brought against defendants (with the exception of YesCare Health Services) in their official capacities, while the Rehabilitation Act claims of Count 3 may possibly proceed against all defendants in their official capacities, if Plaintiff pleads a plausible claim. *Barnes v. Gorman*, 536 U.S. 181, 184–85 (2002) ("§ 504 of the Rehabilitation Act prohibits discrimination against the disabled by recipients of federal funding, including private organizations, 29 U.S.C. § 794(b)(3).").

**IV.    Conclusion.**

Plaintiff is hereby **ORDERED** to amend his complaint by **JANUARY 30, 2026**.

Plaintiff is informed that his amended complaint will completely replace his previous complaint. (Docs 1). Therefore, the amended complaint shall not rely upon, reference, or seek to incorporate by reference any portion of his prior complaints. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against his adversary when an amended complaint is filed). Plaintiff must include every detail and claim he wants to bring against defendants within the amended complaint, or it will not be considered by the Court. The Court will screen Plaintiff's amended complaint under 28 U.S.C. § 1915 once it is filed.

Plaintiff is **cautioned** that if he does not file an amended complaint by **FEBRUARY 11, 2026**, or if he files an amended complaint that fails to comply with the pleading standards set out

in this order, the undersigned will recommend that this action be dismissed for the reasons stated herein.

Plaintiff is further **cautioned** that his failure to advise the Court immediately of a change in his address (e.g., when he is transferred, released, etc.) will result in the dismissal of this action for failure to prosecute and to comply the Court's orders.

The Clerk is **DIRECTED** to send Plaintiff the Court's form for a prisoner complaint under 42 U.S.C. § 1983, as well as a copy of his current complaint (Docs 1), along with a copy of this order.

**DONE and ORDERED** this **8th** day of **January, 2026**.

/s/ KATHERINE P. NELSON  
**UNITED STATES MAGISTRATE JUDGE**